(No. 16354.—Reversed and remanded.)

C. W. GREENFIELD, Admr., Appellee, *vs.* LINA FEYREISEN *et al.* Appellants.

*Opinion filed February 17, 1925.*

CREDITOR'S BILL—*when bill in nature of creditor's bill cannot be maintained.* A bill in the nature of a creditor's bill to subject to complainant's claim an alleged equitable interest of the deceased debtor in a building owned by his wife, which interest is claimed to have arisen from the fact that the husband made payments from his own funds upon contracts for the construction of the building, cannot be maintained where the evidence fails to show that he made such payments from his own funds, but, on the contrary, shows that the wife furnished him with more than enough money to make all payments shown to have been made on the building.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

HUSS & REHM, and BRADLEY, WILLIAMS, KEARNS & FARRELL, (THOMAS E. D. BRADLEY, and EDWARD J. FARRELL, of counsel,) for appellants.

C. W. GREENFIELD, *pro se.*

Mr. JUSTICE DUNN delivered the opinion of the court:

Peter A. Johnson on February 1, 1917, filed in the superior court of Cook county a bill to establish a mechanic's lien on certain premises in Chicago owned by the appellant Lina Feyreisen. The bill was amended and a demurrer was sustained to the amended bill, the statutory notice required as a basis for the suit not having been filed in proper time. A second amended bill was filed, which was in the nature of a creditor's bill, and charged that the complainant made a contract with Paul L. Feyreisen, Lina's husband, for the carpenter work of the building to be erected on the

premises; that in the erection of the building a large number of contractors were employed under similar contracts, and for the purpose of cheating and defrauding the complainant out of the money due him, a large part of the cost of the building under said contracts was paid by Feyreisen from his individual funds, and that after the making of the contract Feyreisen, without consideration, transferred his property to his wife for the purpose of placing it beyond the reach of the complainant. It is further charged that by reason of the payments made by Feyreisen under the contracts for the construction of the building upon his wife's land he acquired an equitable interest in the property to the extent of the payments so made by him, and that such interest at the time of his death was held by Lina Feyreisen in trust for his use and benefit; that the making of such payments rendered him wholly insolvent and to the time of his death he had no means of paying his debts, and the amount of his personal estate was $128. It is further alleged that the complainant brought suit in the municipal court of Chicago against Feyreisen on the contract with him and recovered a judgment for $404.90; that he appealed from such judgment and it was reversed in the Appellate Court, which rendered judgment in favor of the complainant for $717.58, which remains unpaid. An answer was filed, the cause was referred to a master in chancery, who made his report, which was approved, and a decree was entered finding that Lina Feyreisen was the owner in fee simple of the premises; that Paul L. Feyreisen made a series of contracts with her consent, one of such contracts being with the complainant for labor and material; that the work was commenced about May 22, 1914, and completed on December 16, 1914, and the architect's final certificate showed $671 due the complainant, which was not paid; that Feyreisen died on February 22, 1916, and the total assets of his estate, as shown by the inventory, amounted to $128, and the estate was insolvent; that all the contracts

for the improvement of the building were made in the name of Feyreisen but he at no time had sufficient resources to meet the contracts, which amounted to more than $18,000; that he paid $1796 toward the total indebtedness and that at the time of such payment he was insolvent; that such transfer constitutes constructive fraud on the creditors of Feyreisen and a constructive trust arose by reason thereof which existed at the time of his death and is subject to the rights of his creditors after payment of debts. The decree found the value of the real estate to be $25,000 and that the complainant had a lien upon 1796/25,000 of the interest of the defendants in the property for the payment of the sum of $932.85, for the payment of which the decree ordered that interest to be sold. An appeal was taken to the Appellate Court for the First District. Peter A. Johnson died during the pendency of the appeal in the Appellate Court, and C. W. Greenfield, his administrator, was substituted as appellee. The Appellate Court affirmed the decree and granted a certificate of importance and appeal to this court.

The appellants argue, among other things, that the facts present no equity sufficient to form the basis of a bill in the nature of a creditor's bill; that the evidence does not prove the insolvency of Paul L. Feyreisen at the time the payments were made and that no sufficient proof was made of payments by Feyreisen on the building. If the last objection to the decree is sustained there is no necessity to consider the others.

The architect who prepared the plans and superintended the work of the building at a cost of three per cent of the improvements testified in regard to its cost. His commission amounted to $525. He testified that the estimated cost at the beginning of the construction amounted to $17,500, but that Feyreisen made changes in terra cotta work which added several hundred dollars to the cost, and the total cost was something over $18,000. He made the contracts in

Feyreisen's name. There was a two-story frame residence on the rear of the lot which at the time was occupied by Feyreisen's family, and a heating plant was installed in this building costing $300. The contracts for the painting, glass, galvanized iron and hardware did not go through the architect's hands. The painting, he testified, was $430. The total cost, then, as shown by the evidence, did not exceed $18,230, being the amount of the original contract, $17,500, the installation of the heating plant, $300, and the painting contract, $430. Of this amount the final payment to Peter A. Johnson, the complainant, was unpaid, $671, so that the total amount which the evidence shows to have been paid in the construction of the building was $17,559.

Mrs. Feyreisen borrowed on a mortgage of Greenebaum Sons Bank and Trust Company $14,000. She made another note of $1000 to the same bank. Her account showed that she made another deposit of $100, and had a credit of $35 by interest account, a total of $15,130. The expenses attending the loan are shown to have been $636.15, leaving a net amount of $14,719.85. In addition to that she borrowed $2500 of the Central Trust Company, used the bank account of her three daughters, $525, and the proceeds of two shares of stock in the Bowmanville Bank Company, $300. These four items amount to $18,118.85, or $559.85 more than the evidence shows was paid on contracts for the erection of the building. The contracts were made in the name of Paul L. Feyreisen, but the evidence does not show that he made any payments on the contracts out of his own personal funds. On the contrary, it appears that he was furnished more than enough money by his wife to make all the payments shown to have been made.

The judgment of the Appellate Court and the decree of the superior court will be reversed and the cause remanded, with directions to the superior court to dismiss the bill.

*Reversed and remanded, with directions.*